Brandi L. Harper, SBN 264672
Brandi@CastilloHarper.com
Joseph N. Bolander, SBN 280857
Joe@CastilloHarper.com
**CASTILLO HARPER APC**
6848 Magnolia Ave, Ste 100
Riverside, CA 92560
Telephone: (909) 466-5600
Facsimile: (909) 466-5610

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ADAMS on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BALDWIN PARK; and DOES 1 THROUGH 10, inclusive,<br><br>Defendant. | Case No.: 2:19-cv-00297<br><br>**FLSA COLLECTIVE ACTION COMPLAINT**<br><br>(29 U.S.C. §§ 201 et seq.)<br><br>**DEMAND FOR JURY TRIAL** |

## I.

## COLLECTIVE ACTION COMPLAINT

**Plaintiff** JASON ADAMS ("Plaintiff"), individually and on behalf of all others similarly situated by and through his attorneys, state the following as their Collective Action Complaint against Defendant City of Baldwin Park ("Defendant" or the "City"):

## II.

## NATURE OF ACTION

1. This action is brought under the Fair Labor Standard Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), to recover unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney fees on behalf of Plaintiffs and other persons employed by the City of Baldwin Park as non-exempt sworn and non-sworn employees of the Baldwin Park Police Department, or any other person subject to the same illegal overtime and payroll practices. And further, this is an action to enjoin Defendant from continuing to engage in said illegal practices.

2. Plaintiff petitions this Court to allow them to represent and prosecute claims against Defendant in a representative action proceeding on behalf of all of those similarly situated.

**III.**

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3). As the controversy arises under "the Constitution, laws or treatises of the United States;" specifically, the claim arises under the Fair Labor Standard Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA").

4. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b) because the acts, events, or omissions given rise to the claim occurred in this District. Additionally, this matter is filed as a collective action under 29 U.S.C. § 216(b) and all putative class members worked for Defendant City of Baldwin Park, which is in the Central District of California, and many currently reside within the Central District of California in, but not limited to, the Counties of Orange, San Bernardino, Riverside, and Los Angeles.

**III.**

**PARTIES**

5. Individual and representative Plaintiff, JASON ADAMS, is a United States citizen and is currently employed as a Police Officer with the Defendant City of Baldwin Park Police Department, and further has consented to being a plaintiff in this action. ADAMS brings this action on behalf of himself and all similarly situated individuals employed as nonexempt employees of the City of

Baldwin Park Police Department who Defendant failed to properly compensate for overtime hours worked within the three years prior to filing this action.

6. Plaintiff brings this action as a Collective Action on behalf of himself and on behalf of all other similarly situated employees of Defendant City of Baldwin Park's Police Department. This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for unpaid overtime compensation, liquidated damages, a three-year statute of limitations for willful violations under 29 U.S.C. § 255, and attorney fees and costs under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216(b)), referred to as the FLSA.

7. Plaintiff and other similarly situated non-exempt employees of the Baldwin Park Police Department over the last three-years constitute a well-defined community of interest in the questions of law and fact at issue in this case. The claims of the represented Plaintiff are typical of the claims of those similarly situated. The named Plaintiff will fairly and adequately reflect and represent the interests of those similarly situated. There is no conflict as to the individually named Plaintiff and other members of the class with respect to this action or with respect to the claims for relief set forth herein.

8. Defendant implemented an illegal compensation computation method, which undercounts Plaintiff's and others similarly situated "regular rates" of pay.

Defendant's method of calculating Plaintiffs' "regular rate" of pay results, and has resulted, in the under-payment for overtime hours worked. Defendant has also failed to fully compensate Plaintiffs for accrued compensatory time at the regular rate of pay.

9. Currently, in addition to the named individual and represented Plaintiff, 43 similarly situated non-exempt employees of the Defendant City, who are current or former non-exempt, sworn and non-sworn employees of the Baldwin Park Police Department within the last three years have given their written consent to join this action, and have their claims adjudicated in conjunction with the representative Plaintiff, pursuant to 29 U.S.C. § 216(b) (the "Consenters"). The written Consents to Join will be filed concurrently with this Complaint, and thereafter as received.

10. The named Plaintiff has given his written consent to join this action. This consent is filed concurrently herewith.

11. Each of the DOES 1 through 10, inclusive, is so named because Plaintiffs do not know their true names and/or capacities at this time. Plaintiffs will seek leave of Court to amend this Complaint when the true names and capacities of the defendants designated herein as DOES 1 through 10 have been ascertained.

12. Defendant, CITY OF BALDWIN PARK ("Defendant"), is and at all relevant times was, the employer of Plaintiffs. Defendant is a political subdivision

of the State of California. Defendant is an employer whose employees are engaged in commerce within the meaning of 29 U.S.C. §207(a) and as defined in 29 U.S.C. §§203(d) and 203(e)(2)(c).

## IV.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings this action on behalf of himself and all other persons similarly situated who work, or have worked, for the Defendant City of Baldwin Park Police Department at any time in the last three years and were deprived of their complete statutory overtime compensation. Those individuals are similarly situated and constitute a well-defined community of interest in their respective questions of law and fact relevant to this action. Plaintiff's claims are typical of those of other individuals similarly situated. Plaintiff will fairly and adequately represent the interests of those similarly situated.

14. This action is brought by Plaintiff as a collective action, on his own behalf and on behalves of all others similarly situated, under the provisions of 29 U.S.C. section 216, for damages, liquidated damages, a three-year statute of limitations, and relief incident and subordinate thereto, including costs and attorney fees.

15. On information and belief, the exact number of members similarly situated in the collective group, as herein identified and described, is estimated to consist of over 70 individuals.

16. There are common questions of law and fact in this action relating to and affecting the rights of each member of the collective group, including whether Defendant failed to fully compensate Plaintiff and similarly situated individuals for all overtime hours worked by excluding certain remunerations from the "regular rate" of pay used to calculate overtime compensation, including but not limited to, cash in lieu of health benefits, contributions made towards the purchase of health benefits, payments for accrued but unused holidays hours, attendance type bonuses paid in the form of sick leave cashouts and other payments made pursuant to the applicable collective bargaining agreements. Additionally, compensatory time off was not cashed out at the regular rate of pay. The relief sought is common to the entire class.

17. Plaintiff's claims and the claims of those similarly situated depend on a showing of Defendant's acts and omissions giving rise to Plaintiffs' rights to the relief sought herein. There is no conflict as to any individually named Plaintiffs and other members of the collective group seeking to opt in, with respect to this action, or with respect to the claims for relief set forth herein.

18. This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudications with respect to individual members of the class which may as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or may substantially impair or impede their ability to protect their interests.

19. Plaintiff's lawyers are experienced and capable in the field of FLSA and labor/employment litigation and have successfully represented multiple claimants in other litigation of this nature.

## IV.
## FACTS

20. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs as if each were set forth in full herein.

21. The City of Baldwin Park and the Baldwin Park Police Employees Association ("BPPEA") have at all relevant times been parties to Memorandums of Understanding ("MOU") which set forth the terms and conditions of BPPEA members employment with the City, including the compensation to which BPPEA members are entitled.

22. The Plaintiff and others similarly situated members of the BPPEA are non-exempt employees entitled to overtime compensation at the rate of one and

one-half times the regular rate of pay for working hours in excess of the applicable statutory threshold under the FLSA.

23. Under the relevant MOU's over the relevant time frame, Plaintiff and others similarly situated have been and continue to be entitled to certain premium pay components and other components of salary and cash-outs of accrued time that must be included in the computation of the regular rate of pay. See 29 U.S.C. § 207(e). The Defendant has during the relevant time frame not included certain required components of compensation in the regular rate of pay, causing Plaintiffs and other similarly situated to be deprived overtime pay at the proper rate in violation of the FLSA.

a. The relevant MOU's provide employees who waive medical coverage the option of receiving a portion of the amount allocated for their benefits in cash on their paychecks. Certain Plaintiffs accept this cash-in-lieu of benefits, however, in violation of the FLSA, Plaintiffs are informed and believe and thereon allege that the amount paid was not always included in the employee's regular rates of pay. This cash back option does not meet the requirements under 29 C.F.R. §778.215 to be excluded from the regular rate of pay. Nor is the City of Baldwin Park's benefit plan a bona fide plan under 29 U.S.C. § 207(e)(4) or 29 C.F.R. § 778.215, meaning that all benefit premiums paid on employees' behalf must be

included in the regular rate of pay, and in this case, were wrongly excluded during the relevant time frame.

b. City also provides employees with holiday hours, which employees often do not fully use. These hours can be placed in a "bank" by the employee. Any hours exceeding 100 in the bank at the close of the year are paid to the employee as taxable wages on their paycheck. These hours are paid to the employee in lieu of their ability to take holidays and/or as an attendance bonus during the year. Defendant has failed to include these payments when computing the employee's, including the Plaintiff's, regular rate of pay for overtime purposes.

c. City also provides employees with sick leave hours, which employees do not always exhaust. These hours are placed in a "bank" by the employee. Employees receive an attendance bonus at the end of year in the amount of the value of their unused sick leave hours certain percentage . These hours are paid to the employee as an attendance bonus during the year. Defendant has failed to include these payments when computing the employee's, including the Plaintiff's, regular rate of pay for overtime purposes.

24. Plaintiffs have worked extensive overtime hours. However, the overtime rate that Plaintiffs were paid for the overtime hours worked did not include the cash back portions of Plaintiffs unused medical benefits, payments made on their behalf for benefits, nor sick and holiday hour non-use bonuses.

25. Defendant knew or should have known of their obligation to include these remunerations in Plaintiffs regular rate of pay but nevertheless failed to do so. Thus, Defendant failed to pay Plaintiffs for overtime compensation at one and one half times their regular rate of pay.

26. Defendant acted voluntarily and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs in accordance with the FLSA.

27. Further, at all relevant times, Title 29, C.F.R. § 553.27(a) has provided that "Payments for accrued compensatory time earned after April 14, 1986, may be made at any time and shall be paid at the regular rate earned by the employee at the time the employee receives such payment."

28. The City has at all relevant times compensated Plaintiffs for certain hours of FLSA overtime with compensatory time off ("CTO"). Plaintiffs are informed and believe and thereon allege that, in violation of the FLSA, Plaintiffs have been compensated for accrued CTO hours only at the base hourly rate, not at the regular rate of pay.

29. Plaintiffs and others similarly situated have cashed out CTO hours. However, the overtime rate that Plaintiffs were paid for the CTO hours cashed out was below the regular rate of pay.

30. Defendant knew or should have known of its obligation to pay accrued CTO time at the regular rate of pay, but nevertheless failed to do so.

31. Defendant acted voluntarily and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and others similarly situated in accordance with the FLSA.

32. Plaintiffs have no administrative remedies to exhaust, and in this matter are not required to.

33. At all relevant times, the FLSA has provided for "liquidated damages" for failure to pay overtime wages promptly where there is no objectively or subjectively reasonable basis for the delay. See 29 U.S.C. § 216(b). Plaintiffs are informed and believe and thereon allege that there was no subjectively or objectively reasonable basis for the delayed and incomplete payments.

34. Plaintiffs are further informed that the City began to include some premium pay and other pay items in the regular rate of pay yet has not fully compensated them for past violations and the City continues to improperly calculate Plaintiffs' overtime compensation and violate the FLSA in other respects, including but not limited to, as described herein.

35. Defendant knew or should have known of their obligation to include the premium payments and other items of compensation owed to Plaintiffs and others similarly situated in their regular rate of pay, and Defendants knew or

should have known of their obligation to pay Plaintiffs liquidated damages and interest for their FLSA violations, but nevertheless failed to do so.

36. Defendant acted willfully, voluntarily and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and others similarly situated in accordance with the FLSA.

**V.**

**FIRST CLAIM FOR RELIEF**

***Failure to Pay Overtime Compensation as Required in Violation of FLSA***

(On Behalf of Plaintiff and all others Similarly Situated)
(Against All Defendants)

37. Plaintiffs re-allege each and every preceding paragraph as though set forth in full here.

38. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203.

39. The FLSA requires that employees be paid overtime compensation, including compensatory time off when applicable, at a rate not less than one and one-half their regular rates of pay for all hours worked in excess of Forty (40) hours in a week, or in excess of any other applicable statutory overtime threshold. (29 U.S.C. § 207(a)(1); see 29 U.S.C. § 207(k)).

40. During their employment with Defendant, within the applicable statute of limitations, Plaintiffs and other Collective Class members worked in

excess of forty (40) hours per work week, or any other applicable statutory overtime threshold. Despite the hours worked by Plaintiffs and other Collective Class members, Defendant willfully, in bad faith, and in knowing violation or reckless disregard of the FLSA, failed and refused to pay them the appropriate overtime compensation at time and one-half their regular rates of pay for overtime hours worked.

41. By failing to compensate Plaintiffs and the other Collective Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, or any other applicable statutory overtime threshold, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201 et. seq., including 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 207(O), and 29 C.F.R. 553.27.

42. At all relevant times, 29 C.F.R § 553.27(a) has provided: “Payments for accrued compensatory time earned after April 14, 1986, may be made at any time and shall be paid at the regular rate earned by the employee at the time the employee receives such payment.”

43. At all relevant times, 29 C.F.R § 553.27 (d) has provided: “The term ‘regular rate’ is defined in 29 CFR 778.108...”

44. Further, Plaintiff and Collective Class members have cashed out accrued compensatory time; however, in violation of the Act, Defendant has refused to cash out these hours at the proper rate.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

46. Plaintiff on behalf of himself and the Collective Class, seek damages in the amount of their respective unpaid compensation, including overtime compensation, liquidated damages for ongoing and past violations within the last three years, plus interest and costs as allowed by law, pursuant to 29 U.S.C. § 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

47. Plaintiff, on behalf of himself and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

///

///

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the Collective Classes, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiff as a Representative of the Collective Plaintiffs;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d. An award of damages, according to proof, including liquidated damages, to be paid by Defendant, along with a three-year statute of limitations;

e. Costs of action incurred herein, including expert fees;

f. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

///

g. Post- and Pre-Judgment interest, as provided by law; and

h. Such other legal equitable relief, including an injunction enjoining Defendants from continuing to violate Plaintiffs' and the Class member's rights, as this Court deems necessary, just, and proper.

Respectfully submitted,

Date: January 14, 2019

**CASTILLO HARPER, APC**

_s/Joseph N. Bolander_________________
Brandi L. Harper
Joseph N. Bolander
Attorneys for Plaintiff,
JASON ADAMS, *and all other similarly situated*

**DEMAND FOR JURY TRIAL**

Plaintiff on behalf of himself and the Collective Class members hereby demand a jury trial under F.R. Civ. P., Rule 38 and C.D. Cal. Rule 38-1.

Date: January 14, 2019

**CASTILLO HARPER, APC**

_s/Joseph N. Bolander_

Brandi L. Harper
Joseph N. Bolander
Attorneys for Plaintiffs
JASON ADAMS, *and all other similarly situated*