# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement and Release ("Agreement") is entered into between Jason Adams and other similarly-situated employees of the Baldwin Park Police Department (collectively, "Plaintiffs"), and Defendant the City of Baldwin Park (the "City"), collectively, the "Parties," to settle, fully and finally, all of the Released Claims (as defined below).

## RECITALS

1.　On January 15, 2019, Jason Adams, on behalf of himself and other similarly situated City employees in the Baldwin Park Police Association ("Association"), filed a Complaint in the United States District Court, Central District of California, entitled *Adams v. the City of Baldwin Park,* Case No. 2:19-cv-00297-PA-GJS (the "Action"). The Complaint alleges that the City's method of calculating the employees' regular rate of pay resulted in the under-payment for overtime hours worked, in violation of the Fair Labor Standards Act (FLSA).

2.　84 Association members have filed written consents to join the Action.　8 Association members have not yet filed their consents, and are thus putative plaintiffs.　All plaintiffs and putative plaintiffs are listed in Exhibit A, attached hereto and incorporated herein by reference, and shall be referred to collectively herein as "Plaintiffs."

3.　The City filed its Answer and Affirmative Defenses to the Complaint on April 1, 2019, denying all liability.

4.　The City contends that it has fully complied with its obligations under the FLSA, and had, prior to this Action, fully remunerated Plaintiffs for any inadvertent errors in its method of calculating their regular rate of pay by paying Plaintiffs a sum total of $359,788.63 following the decision in *Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016). The City contends that it operated at all times in good faith.

5.　The Parties desire to settle this Action to avoid protracted litigation and to preserve the good working relationship between the City, Plaintiffs, and the Association.

6.　This Agreement is made in consideration of the facts and recitals set forth herein. The Parties understand, acknowledge, and agree that this Agreement constitutes a compromise of all the disputed claims at issue between the Parties in the Action and that it is the desire and intention of each of the Parties to effect a final and complete resolution of the Action.

7.　Plaintiffs and their counsel: (1) have examined and considered the benefits to be provided to Plaintiffs under this Agreement (the "Settlement," as defined below); (2) have considered the applicable law and the claims that have been and could have been asserted in the Complaint arising out of or relating to the payment of overtime wages under the FLSA; and (3) believe the Settlement to be fair, reasonable, and adequate, and in the best interest of Plaintiffs, taking into account the benefits provided to Plaintiffs through the terms of the Agreement, the risks and stresses of litigation, and the length of time that would be required to complete the litigation and any appeals.

8.    The Parties further acknowledge that this Settlement is a compromise of disputed claims reached in order to promote good governance and workplace relations, and that the City is not in any way admitting liability by entering into this Agreement.  The City has at all times disputed, and continues to dispute, the allegations in the Action and denies any liability for any of the claims that have or could have been raised in the Action, but believes that the Settlement as provided in this Agreement will avoid the substantial expense and disruption of continued litigation, and will promote public confidence in the City and its compliance with the FLSA.

9.    The Parties believe that the Settlement is fair, reasonable, and adequate. The Settlement was arrived at through arm's-length negotiations, taking into account all relevant factors, and will materially benefit the Plaintiffs. The Parties recognize the uncertainty, risk, expense, and delay attendant to continuing the Action through trial and any further appeals following trial. Accordingly, the Parties desire to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or relating to the Action.

Therefore, in consideration of the promises and agreements contained herein, the Parties agree and covenant as follows:

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals, which are incorporated by reference, and the following considerations, provisions, mutual promises, and agreements contained herein, it is hereby agreed by and between the Parties that all claims, contentions, allegations, and causes of action that have been asserted, or that could have been asserted, in connection with the Action, are to be compromised and settled without any admission of liability or concession by the City that the contentions of Plaintiffs are correct, on the following terms:

1.    Effective Date. This Agreement shall be effective upon the occurrence of both: (1) the full execution of this Agreement by the Parties and their attorneys; and (2) issuance of a Final Approval Order by the Court.

2.    Consideration to Plaintiffs.

(A)   The City has allocated a total settlement amount of two hundred fifty-three thousand dollars ($253,000.00) (the "Total Settlement").   From the Total Settlement, the City shall pay two hundred and thirty-eight thousand dollars ($238,000.00) dollars to Plaintiffs to settle the claims asserted in the Action (the "Damages Payment"). The Damages Payment represents a two-thirds increase of the previously paid amount of $359,788.63 to account for an additional year of overtime pay and a sum to settle Plaintiffs' claims for liquidated damages.

(B)   In addition to the Damages Payment, the City shall also pay twenty-five thousand dollars ($25,000.00) to Plaintiffs' counsel for his fees incurred in the Action. The Parties agree that the attorneys' fees are fair and reasonable, given that they amount to 9.88% of the Total Settlement.

(C)   The amount paid to each Plaintiff shall be a pro rata distribution of the total Damages Payment, based upon the number of overtime hours worked during the applicable time period, and each Plaintiff's respective regular rate of pay.  The City shall provide Plaintiffs' counsel with documentation of Plaintiffs' overtime hours.  The amounts to be received by each Plaintiff are listed in Exhibit B, attached hereto.

(D)   The amount paid to each Plaintiff shall be allocated as 50% wages, subject to all legally required withholdings, and 50% settlement of Plaintiffs' claims to liquidated damages.  Each Plaintiff's signature on this Agreement constitutes an acknowledgement that the amount received by that Plaintiff is accepted as fair, just, and reasonable, and constitutes a full and complete payment in resolution of all claims asserted, or that could have been asserted, in the Action.

(E)   From the Effective Date going forward, the City agrees to pay Plaintiffs for cashed out compensatory time, pursuant to the Compensatory Time provision of the Memorandum of Understanding in effect at the time this Agreement is executed, at the regular rate of pay.

3.   Process for Resolution of Claims of Putative Plaintiffs.  The Parties agree to offer the amounts identified in Exhibit B to putative plaintiffs who have not yet filed written consents to join the Action, pursuant to the following conditions:

(A)   The City shall mail the Notice of Collective Action Settlement: Claim Form & Release (the "Notice"), attached as Exhibit C, to all putative plaintiffs at their last known address on file with the City.

(B)   The Notice shall set forth each putative plaintiff's damages payment, calculated pursuant to Paragraph 2(C) above.  The City shall provide Plaintiffs' attorney with verification that the City served the Notice on all putative plaintiffs.

(C)   Each putative plaintiff who accepts the terms of the Agreement must execute and return the Notice to the City, thus agreeing to be bound by the terms of the Agreement.  If a putative plaintiff does not accept the settlement offer made by the City, he or she shall not be bound by this Agreement, and shall not receive his or her allocated payment.  The total Damages Payment shall be reduced in the amount of any payment allocated to a putative plaintiff who does not accept the settlement offer.

4.   Method of Payment.  Within thirty (30) days of the Effective Date, the City shall tender payment under the following terms:

(A)   The City shall tender a check to each Plaintiff who timely executes the Notice, representing the amount set forth in Exhibit B.  For the wage portion (50%) of each individual payment, the City shall make all required withholdings, pursuant to the Plaintiff's W-4 form on file with the City.  Plaintiffs who are no longer

employed by the City shall submit updated W-4 forms before the City processes their individual payments. The remaining balance (50%) of each individual payment shall not be subject to withholdings by the City.

(B)  The Parties believe that payments made in settlement of liquidated damages claims are not wages, and therefore such portions of the individual payments to Plaintiffs shall not be subject to withholding by the City. However, such payments are taxable as part of each Plaintiff's gross income. This statement of belief is not an opinion on which Plaintiffs may rely, and therefore Plaintiffs are encouraged to consult with a tax advisor or attorney to determine any tax consequences of their individual damages payments.

(C)  Plaintiffs are solely responsible for reporting amounts received pursuant to this Agreement to any applicable federal, state, or local agency as required by law. The City will issue an IRS Form 1099 to each Plaintiff in the amount of their respective payments received as settlement for liquidated damages claims.

(D)  The City shall tender a check in the amount of $25,000.00 to the law firm of Castillo Harper, APC, as payment for attorneys' fees incurred in connection with this Action. Except as otherwise expressly provided herein, each of the Parties shall be responsible for the payment of its own costs, attorneys' fees, and all other expenses in connection with the Action, including the negotiation and preparation of the Agreement.

5.   Resolution of Dispute. The Parties agree and understand that this Agreement resolves any and all disputes between them related to the Action and the matters set forth in the Action.

6.   Dismissal of the Action. The Parties submit to the Court the Stipulation and Order, attached hereto as Exhibit D, dismissing the entire Action with prejudice on behalf of all Plaintiffs. Plaintiffs warrant that no other complaint, claim, grievance, or charge for overtime compensation has been filed against the City in any court or administrative agency.

7.   Release.

(A)  "Released Claims" shall mean all wage and hour claims that were or could have been raised in the Action, including, but not limited to, all claims brought under the FLSA or the California Labor Code; all claims relating to or arising from the payment, non-payment, or under-payment of wages or other monetary compensation by the City to Plaintiffs; and all claims relating to or arising from the calculation of overtime payments, compensatory time payouts, and holiday and sick leave payouts.

(B)  "Releasees" shall mean the City, its present and former officers, officials, partners, agents, employees, attorneys, insurers, assigns, and successors in interest.

(C)  By executing this Agreement, Plaintiffs release all Releasees from the Released Claims, which shall thereby be conclusively settled, compromised, satisfied, and

released.   In connection with such release of claims, Plaintiffs hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those which they now know or believe to exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected; that they may have against the Releasees. In furtherance of such intention, the release herein shall be and remain in effect as a full and complete general release of all Released Claims.

8.   Warranty of Non-Assignment.   The Parties warrant that they have not assigned any of the claims or portions of the claims that are the subject of this Agreement.

9.   No Unwritten Representations.   The Parties warrant that they have not relied upon any representation, promise, or statement not expressly contained in this Agreement.

10. Complete Agreement.   This Agreement is the complete agreement between the Parties and supersedes any prior agreements or discussions between the Parties.

11. Governing Law.   This Agreement is executed in the State of California, and shall be governed, construed, and enforced in accordance with the laws of the State of California without giving effect to doctrines related to conflicts of law.

12. Interpretation and Construction.   Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the party or parties preparing this Agreement or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement or have had equal opportunity to do so.  This Agreement has been arrived at through negotiation and none of Parties is to be deemed the party who prepared the Agreement or caused any uncertainty to exist within the meaning of Civil Code section 1654.  The headings and sub-headings used herein are for reference only and shall not affect the construction of the Agreement.

13. Breach, Waiver, and Amendment.   No breach of this Agreement or of any provision herein can be waived except by an express waiver executed by the party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or any other provision of the Agreement.   This Agreement may be amended, altered, modified, or otherwise changed in any respect only by a writing duly executed by the Parties or their authorized representatives.

14. Authority to Execute.   Each party hereto warrants that he or it has the full power and authority to execute, deliver, and perform under this Agreement.

15. Counterparts.   This Agreement may be executed by the Parties in any number of counterparts, all of which taken together shall be construed as one document.

16. Duty to Act in Good Faith.   The Parties shall act in good faith and use their reasonable good faith efforts after the execution of the Agreement to ensure that their respective obligations hereunder are fully and timely performed.  The Parties shall promptly perform any further acts and

execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement.

17. Effectiveness, Amendments, and Binding Nature.  This Agreement may be amended only by written agreement signed by the Parties.  Except as otherwise stated above, each of the Parties expressly accepts and assumes the risk that, if facts or laws pertinent to matters covered by this Agreement are hereafter found to be other than as now believed or assumed by the party to be true or applicable, this Agreement shall nevertheless remain effective.  This Agreement is binding on, and shall inure to the benefit of, the Parties and their respective agents, employees, representatives, officers, directors, parents subsidiaries, assigns, executors, administrators, insurers, and successors in interest.

18. Time for Performance.

(A) Upon approval by the Court, the Notice shall be mailed to putative plaintiffs pursuant to Paragraph 3(A) of this Agreement within 10 days of the Court's filing its Order approving the settlement.  Putative plaintiffs shall have 90 days to execute the Notice and return it to the City.

(B) The Agreement shall be submitted to the City Council for its approval within 30 days of the Court's filing its Order approving the settlement.

(C) Payment of attorneys' fees to Castillo Harper, APC, shall occur no later than ten (10) calendar days after the City Council approves the Agreement.

(D) Payment of the individual Damages Payments to Plaintiffs shall occur no later than 30 calendar days after the Effective Date of the Agreement, for plaintiffs who have filed written consents to join the Action prior to the Court's approval of the settlement.  For putative plaintiffs who join the class after the Court's approval of the settlement, payment shall occur within 30 calendar days of each plaintiff's execution of a consent form.

///

///

///

///

///

///

///

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: 7/31 , 2019

Signature: _____

Name: ROSA ESPARZA
**[Print]**

Dated: 7/31 , 2019

Signature: _____

Name: Liliana Davila
**[Print]**

Dated: 07/31 , 2019

Signature: _____

Name: EDWIN TAPIA
**[Print]**

Dated: 07/31 , 2019

Signature: _____

Name: RICHARD ROJAS
**[Print]**

Dated: 7-31- , 2019

Signature: _____

Name: GEE CASTRO
**[Print]**

~~Dated:~~ _____ , ~~2019~~

~~Signature:~~ _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: ___07-31___, 2019

Signature: _____

Name: ___ESTEBAN   MANJARREZ___
**[Print]**


Dated: ___JULY 31___, 2019

Signature: _____

Name: ___DONALD   NEWTON___
**[Print]**


Dated: ___07|31___, 2019

Signature: _____

Name: ___Jessica Serrano___
**[Print]**


Dated: ___08/01___, 2019

Signature: _____

Name: ___JOSHUA   HENDRICKS___
**[Print]**


Dated: ___08/01___, 2019

Signature: _____

Name: ___ANDREW   VECEBIL___
**[Print]**


~~Dated:~~ _____, ~~2019~~

~~Signature:~~ _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: 8·1 , 2019

Signature:

Name: JAMES B. GALLEGOS
[Print]

Dated: 8-01 , 2019

Signature:

Name: ANDRES VELLALOBOS
[Print]

Dated: 08/01 , 2019

Signature:

Name: Kimberly Santiago
[Print]

Dated: 8/01 , 2019

Signature: Carmen Chico

Name: CARMEN CHICE
[Print]

Dated: 03/01 , 2019

Signature:

Name: Tony Flambua
[Print]

~~Dated:~~ , ~~2019~~

~~Signature:~~

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: 8·1 , 2019

Signature: _____

Name: THOMAS LEON
[Print]

Dated: 8·1 , 2019

Signature: _____

Name: William Zenders
[Print]

Dated: 08-01 , 2019

Signature: _____

Name: SHAWN C. BLACKBURN
[Print]

Dated: 8/1 , 2019

Signature: _____

Name: Liliana Rubio
[Print]

Dated: 8/1 , 2019

Signature: _____

Name: Frank Peal
[Print]

Dated: _____, 2019

Signature: _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: 8-1 , 2019

Signature:

Name: Cynthia Espinoza
**[Print]**

Dated: 8/5 , 2019

Signature:

Name: JAMES 1220
**[Print]**

Dated: 8 / 1 , 2019

Signature:

Name: Steven Trinidad
**[Print]**

Dated: 8 1 , 2019

Signature:

Name: Greg Carey
**[Print]**

Dated: 8 / 1 , 2019

Signature:

Name: Ray Findley
**[Print]**

Dated: , 2019

Signature:

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: _____, 2019

Signature: _____

Name: _____
**[Print]**

Dated: _____, 2019

Signature: _____

Name: MIKE HEMENWAY
**[Print]**

Dated: _____, 2019

Signature: _____

Name: ELIZABETH PEREIDA
**[Print]**

Dated: _____, 2019

Signature: _____

Name: CHRISTOPHER KOSIEREK
**[Print]**

Dated: _____, 2019

Signature: _____

Name: Vanessa Pineda
**[Print]**

Dated: _____, 2019

Signature: _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: 8-1 , 2019

Signature:

Name: G. HOPSON
[Print]

Dated: 8-1 , 2019

Signature:

Name: Dorree Matson
[Print]

Dated: 8-1 , 2019

Signature:

Name: R. FELTON
[Print]

Dated: 8-1 , 2019

Signature:

Name: W. Auuer, Abo
[Print]

Dated: 08-01 , 2019

Signature:

Name: S. HOLGUIN
[Print]

Dated: , 2019

Signature:

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: 8-1-19 , 2019

Signature: _____

Name: JUAN C SERRATO
**[Print]**

Dated: 08/01/19 , 2019

Signature: _____

Name: SAMUEL RIVEROS
**[Print]**

Dated: 8/1/19 , 2019

Signature: _____

Name: Tuan Le
**[Print]**

Dated: 8-1-19 , 2019

Signature: _____

Name: JOSEPH MEISTER
**[Print]**

Dated: 8 - 1 , 2019

Signature: _____

Name: MARTEN HERRERA
**[Print]**

~~Dated:~~ _____, ~~2019~~

~~Signature:~~ _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: 8/1 , 2019

Signature: _____

Name: R. LARIVEE
**[Print]**

Dated: 8·1 , 2019

Signature: _____

Name: WILLIAM R. ROOT
**[Print]**

Dated: 8·1 , 2019

Signature: _____

Name: DARRIL KOSAKA
**[Print]**

Dated: 8/1 , 2019

Signature: _____

Name: TED ESPANTO
**[Print]**

Dated: 8-1 , 2019

Signature: _____

Name: Jose BARAJAS
**[Print]**

~~Dated:~~ _____, ~~2019~~

~~Signature:~~ _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: _Aug 5_ , 2019

Signature: _Diana Huerta_

Name: _Diana Huerta_
[Print]

Dated: _8/5/19_ , 2019

Signature: _____

Name: _Krystal Baenz_
[Print]

Dated: _8/5/_ , 2019

Signature: _____

Name: _Jorge Huerta_
[Print]

Dated: _8/5_ , 2019

Signature: _____

Name: _Franco Nuño_
[Print]

Dated: _8/5/19 -_ , 2019

Signature: _____

Name: _Vanessa Leon_
[Print]

~~Dated:~~ _____, ~~2019~~

~~Signature:~~ _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: 8/2/19 , 2019

Signature: _____

Name: ROSARIO R CARR
[Print]

Dated: 08-02-2019 , 2019

Signature: _____

Name: EDWIN PARRA
[Print]

Dated: 08-02-19 , 2019

Signature: _____

Name: MARIO MARTIN
[Print]

Dated: 802 -19 , 2019

Signature: _____

Name: Leonard Avila
[Print]

Dated: 8-2 , 2019

Signature: David Leon

Name: DAVID LEON
[Print]

~~Dated:~~ _____ , ~~2019~~

~~Signature:~~ _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: _AUGUST 8_ , 2019

Signature: _____

Name: _ISRAEL RODAS_
[Print]

Dated: _Aug 2_ , 2019

Signature: _____

Name: _GONZALO CETINA_
[Print]

Dated: _8/2_ , 2019

Signature: _____

Name: _PHILLIP WERNER_
[Print]

Dated: _8-5-19_ , 2019

Signature: _____

Name: _Patricia Deng_
[Print]

Dated: _8-5-19_ , 2019

Signature: _Vivian Reyes (Olivas)_

Name: _Vivian Reyes (Olivas)_
[Print]

~~Dated:~~ _____ ~~, 2019~~

~~Signature:~~ _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: 8-6-19 , 2019

Signature: _____

Name: JULIO ALVAREZ
[Print]

Dated: 8 - 6 - 2019

Signature: _____

Name: NORMAN F. GONZALEZ
[Print]

Dated: 8 - 7 - , 2019

Signature: _____

Name: TIMOTHY GALE
[Print]

Dated: 8 ~7 , 2019

Signature: _____

Name: NOE CERVANTES
[Print]

Dated: 08-7 , 2019

Signature: _____

Name: M. BORUMON
[Print]

~~Dated:~~ _____ ~~, 2019~~

~~Signature:~~ _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set
forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: 8|8|19 , 2019

Signature: _Irma Hoenes (signature)_

Name: _Irma Hoenes_
[Print]

Dated: 8-8-19 , 2019

Signature: _(signature)_

Name: _ERIC CAMACHO_
[Print]

Dated: 8/14/19 , 2019

Signature: _(signature)_

Name: _JEFFREY J. HONEYCUTT_
[Print]

Dated: Aug 16 , 2019

Signature: _(signature)_

Name: _KARINA MORALES_
[Print]

Dated: Aug 16 , 2019

Signature: _(signature)_

Name: _ALEXIS RODRIGUEZ_
[Print]

Dated: _____, 2019

Signature: _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: _08-22-_, 2019

Signature: _____

Name: _LUIS M. VALDIVIA._
**[Print]**

Dated: _8.26_, 2019

Signature: _____

Name: _JASON E. ADAMS_
**[Print]**

Dated: _____, 2019

Signature: _____

Name: _____
**[Print]**

Dated: _____, 2019

Signature: _____

Name: _____
**[Print]**

Dated: _____, 2019

Signature: _____

Name: _____
**[Print]**

~~Dated:~~ _____, ~~2019~~

~~Signature:~~ _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

Plaintiffs Jason Adams, *et al.*

Dated: 10-3 , 2019

Signature: _____

Name: ERNEST BARBE
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: OCT. 10 , 2019

Signature: _____

Name: _____
**[Print]**

Dated: _____, 2019

Signature: _____

Name: _____
**[Print]**

Dated: _____, 2019

Signature: _____

Name: _____
**[Print]**

Dated: _____, 2019

Signature: _____

Name: _____
**[Print]**

Dated: _____, 2019

Signature: _____

Name: _____
**[Print]**

Dated: _____, 2019

Signature: _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: _9/10_, 2019

Signature: _____

Name: _MARK HARVEY_
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: **9/22/19**        , 2019        Signature: _____

Name:   **Kiyotake Isagawa**
[Print]

Dated: _____, 2019        Signature: _____

Name: _____
[Print]

Dated: _____, 2019        Signature: _____

Name: _____
[Print]

Dated: _____, 2019        Signature: _____

Name: _____
[Print]

Dated: _____, 2019        Signature: _____

Name: _____
[Print]

Dated: _____, 2019        Signature: _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams, *et al*.**

Dated: _9 - 10_, 2019

Signature: _Sylvia King_

Name: _SYLVIA KEEF_
**[Print]**

Dated: _____, 2019

Signature:_____

Name:_____
**[Print]**

Dated: _____, 2019

Signature:_____

Name:_____
**[Print]**

Dated: _____, 2019

Signature:_____

Name:_____
**[Print]**

Dated: _____, 2019

Signature:_____

Name:_____
**[Print]**

Dated: _____, 2019

Signature:_____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: 9/11 _____, 2019

Signature: *James Kolbach*

Name: JAMES KOLBACH
**[Print]**

Dated: _____, 2019

Signature: _____

Name: _____
**[Print]**

Dated: _____, 2019

Signature: _____

Name: _____
**[Print]**

Dated: _____, 2019

Signature: _____

Name: _____
**[Print]**

Dated: _____, 2019

Signature: _____

Name: _____
**[Print]**

Dated: _____, 2019

Signature: _____

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date set forth below.

Plaintiffs Jason Adams, *et al.*

Dated: 9/25 , 2019

Signature:

Name: MARK ADAM
[Print]

Dated: 9·26 , 2019

Signature:

Name: Adam Acuja
[Print]

Dated: 9·26 , 2019

Signature:

Name: ALEXIS RODRIGVEZ
[Print]

Dated: , 2019

Signature:

Name:
[Print]

Dated: , 2019

Signature:

Name:
[Print]

Dated: , 2019

Signature:

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

Plaintiffs Jason Adams, *et al.*

Dated: _10/1_, 2019

Signature: _____

Name: _TODD McAVOY_
[Print]

Dated: _10/11/17_, 2019

Signature: _____

Name: _Nicholas Lopez_
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set
forth below.

Dated: 9/12/19 , 2019

**City of Baldwin Park,** a California
Municipal Corporation

Signature:
Name :    JOHN M. MONTGOMERY
Title:    POLICE OFFICER

**APPROVED AS TO FORM:**

Dated: _____, 2019

**Richards, Watson & Gershon**
Jennifer Petrusis

By: _____
Jennifer Petrusis
Counsel for City of Baldwin Park

Dated: _____, 2019

**Castillo Harper**
Brandi L. Harper
Joseph N. Bolander

By: _____
Brandi L. Harper
Joseph N. Bolander
Counsel for Plaintiffs Jason Adams, et al.



IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

Plaintiffs Jason Adams, et al.

Dated: 10/08/ , 2019

Signature:

Name: IRNE ORELLANA
[Print]

Dated: , 2019

Signature:

Name:
[Print]

Dated: , 2019

Signature:

Name:
[Print]

Dated: , 2019

Signature:

Name:
[Print]

Dated: , 2019

Signature:

Name:
[Print]

Dated: , 2019

Signature:

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: 10-1- , 2019

Signature: _____

Name: DOUGLAS A. PARNELL
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

Name: _____
[Print]

Dated: _____, 2019

Signature: _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams,** *et al.*

Dated: 9/12 , 2019

Signature: *Ruben Guerrero*

Name: RUBEN GUERRERO
[Print]

Dated: 9/19 , 2019

Signature:

Name: Jose JIMENEZ
[Print]

Dated: , 2019

Signature:

Name:
[Print]

Dated: , 2019

Signature:

Name:
[Print]

Dated: , 2019

Signature:

Name:
[Print]

Dated: , 2019

Signature:

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**Plaintiffs Jason Adams, *et al.***

Dated: _SEPTEMBER 12_, 2019

Signature: _____

Name: _SHAWN VIRANI_
[**Print**]

Dated: _____, 2019

Signature: _____

Name: _____
[**Print**]

Dated: _____, 2019

Signature: _____

Name: _____
[**Print**]

Dated: _____, 2019

Signature: _____

Name: _____
[**Print**]

Dated: _____, 2019

Signature: _____

Name: _____
[**Print**]

Dated: _____, 2019

Signature: _____

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

Dated: October 23, 2019

City of Baldwin Park, a California
Municipal Corporation

Signature:
Name :    Manuel Lozano
Title:    Mayor

**APPROVED AS TO FORM:**

Dated Oct. 24, 2019

Richards, Watson & Gershon
Jennifer Petrusis

By:

Jennifer Petrusis
Counsel for City of Baldwin Park

Dated: Oct. 24, 2019

Castillo Harper
Brandi L. Harper
Joseph N. Bolander

By:

Brandi L. Harper
Joseph N. Bolander
Counsel for Plaintiffs Jason Adams, et al.

POA OT CAFE RETRO PAY HISTORY SEARCH RESULTS 9/21/17

Page 1 of 3

| Full Name | 2017 Payout | % of 2017 Total Payouts | SETTLEMENT PAYOUTS (based on % of 2017 Payouts) |
|---|---|---|---|
| ACUNA, ADAM | $ 5,749.62 | 1.58% | $ 3,606.14 |
| ADAMS, JASON | $ 7,390.39 | 2.03% | $ 4,635.22 |
| ADAMS, MARK | $ 5,581.73 | 1.54% | $ 3,500.84 |
| AGREGADO, WARREN | $ 3,527.65 | 0.97% | $ 2,212.53 |
| AGURCIA, ORALIA | $ 3,003.19 | 0.83% | $ 1,883.59 |
| ALCAZAR, MARIO | $ 478.32 | 0.13% | $ 300.00 |
| ALVAREZ, JULIO | $ 8,186.19 | 2.25% | $ 5,134.35 |
| AVILA, LEONARD | $ 478.32 | 0.13% | $ 300.00 |
| BARAJAS, JOSE | $ 3,470.19 | 0.95% | $ 2,176.49 |
| BARRIOS, ERNEST | $ 478.32 | 0.13% | $ 300.00 |
| BERUMEN, MARK | $ 2,950.96 | 0.81% | $ 1,850.83 |
| BLACKBURN, SHAWN | $ 2,616.92 | 0.72% | $ 1,641.32 |
| CAMACHO, ERIC | $ 2,477.08 | 0.68% | $ 1,553.62 |
| CARR, ROSARIO | $ 3,124.04 | 0.86% | $ 1,959.39 |
| CASTRO, JOSE | $ 4,823.65 | 1.33% | $ 3,025.37 |
| CERVANTES, NOE | $ 2,987.31 | 0.82% | $ 1,873.63 |
| CETINA, GONZALO | $ 3,915.00 | 1.08% | $ 2,455.47 |
| CHICE, CARMEN | $ 10,535.61 | 2.90% | $ 6,607.89 |
| COLEY, GREGORY | $ 13,863.46 | 3.81% | $ 8,695.11 |
| COTA, JOSEPH | $ 846.35 | 0.23% | $ 530.83 |
| DAVILA, LILIANA | $ 4,618.40 | 1.27% | $ 2,896.64 |
| DENA, PATRICIA | $ 4,111.40 | 1.13% | $ 2,578.65 |
| DIAZ, IVONNE | $ 478.32 | 0.13% | $ 300.00 |
| ESPANTO, TED | $ 24,227.31 | 6.66% | $ 15,195.28 |
| ESPARZA, ROSA | $ 2,236.15 | 0.62% | $ 1,402.50 |
| ESPINOZA, CYNTHIA | $ 1,200.29 | 0.33% | $ 752.82 |
| FELTON, RYAN | $ 3,319.62 | 0.91% | $ 2,082.05 |
| FINDLEY, RAYMOND | $ 1,173.46 | 0.32% | $ 735.99 |
| GALE, TIMOTHY | $ 2,116.40 | 0.58% | $ 1,327.40 |
| GALLEGOS, JAMES | $ 12,024.00 | 3.31% | $ 7,541.41 |
| GAMBOA, OTONIEL | $ 3,799.04 | 1.05% | $ 2,382.74 |
| GONZALEZ, NORMAN | $ 6,531.92 | 1.80% | $ 4,096.80 |
| GUERRERO, RUBEN | $ 3,442.50 | 0.95% | $ 2,159.12 |
| HARVEY, MARK | $ 478.32 | 0.13% | $ 300.00 |
| HEMENWAY, MICHAEL | $ 5,197.50 | 1.43% | $ 3,259.85 |
| HENDRICKS, JOSHUA | $ 2,905.62 | 0.80% | $ 1,822.39 |
| HERRERA, MARTIN | $ 6,355.38 | 1.75% | $ 3,986.07 |
| HOENES, IRMA | $ 3,675.41 | 1.01% | $ 2,305.20 |
| HOFFORD, CHRISTOPHER | $ 1,974.81 | 0.54% | $ 1,238.59 |
| HONEYCUTT, JEFFREY | $ 20,280.12 | 5.58% | $ 12,719.61 |
| HUERTA, DIANA | $ 1,960.75 | 0.54% | $ 1,229.77 |

Page 2 of 3

POA GT CAPE RETRO PAY HISTORY SEARCH RESULTS 9/21/17

| Full Name | 2017 Payout | % of 2017 Total Payouts | SETTLEMENT PAYOUTS (based on % of 2017 Payouts) |
|---|---|---|---|
| HUERTA, JORGE | $ 4,343.88 | 1.19% | $ 2,724.46 |
| ISAGAWA, KIYOTAKE | $ 1,540.74 | 0.42% | $ 966.35 |
| IZZO, JAMES | $ 2,621.43 | 0.72% | $ 1,644.15 |
| JIMENEZ, JR, JOSE | $ 4,105.39 | 1.13% | $ 2,574.88 |
| KEEF, SYLVIA | $ 478.32 | 0.13% | $ 300.00 |
| KOLBACH, JAMES | $ 4,245.23 | 1.17% | $ 2,662.59 |
| KOSAKA, DARRYL | $ 15,991.27 | 4.40% | $ 10,029.66 |
| KUBERRY, CHRISTOPHER | $ 8,143.27 | 2.24% | $ 5,107.43 |
| LARIVEE, ROBERT | $ 478.32 | 0.13% | $ 300.00 |
| LE, TUAN | $ 13,208.19 | 3.63% | $ 8,284.13 |
| LEON, DAVID | $ 3,380.19 | 0.93% | $ 2,120.04 |
| LEON, THOMAS | $ 2,174.54 | 0.60% | $ 1,363.86 |
| LEON, VANESSA | $ 3,932.45 | 1.08% | $ 2,466.42 |
| LOPEZ, JR, ARMANDO | $ 478.32 | 0.13% | $ 300.00 |
| LOPEZ, NICHOLAS | $ 758.08 | 0.21% | $ 475.46 |
| MANJARREZ, ESTEBAN | $ 3,439.38 | 0.95% | $ 2,157.17 |
| MC AVOY, TODD | $ 3,007.38 | 0.83% | $ 1,886.22 |
| MEISTER, JOSEPH | $ 10,483.27 | 2.88% | $ 6,575.07 |
| MONTGOMERY, JOHN | $ 612.69 | 0.17% | $ 384.28 |
| MORALES, KARINA | $ 9,566.13 | 2.63% | $ 5,999.84 |
| NEWTON, DONALD | $ 4,671.00 | 1.28% | $ 2,929.63 |
| NUNO, FRANCISCA | $ 5,773.99 | 1.59% | $ 3,621.42 |
| OGAS, RICHARD | $ 1,881.35 | 0.52% | $ 1,179.98 |
| ORELLANA GALINDO, IRNE | $ 478.32 | 0.13% | $ 300.00 |
| PARNELL, DOUGLAS | $ 478.32 | 0.13% | $ 300.00 |
| PARRA, EDWIN | $ 1,980.00 | 0.54% | $ 1,241.85 |
| PATINO, JOHNNY | $ 861.92 | 0.24% | $ 540.59 |
| PEREIDA, ELIZABETH | $ 2,785.60 | 0.77% | $ 1,747.12 |
| PINEDA, VANESSA | $ 7,962.19 | 2.19% | $ 4,993.86 |
| REAL, FRANCISCO | $ 1,119.46 | 0.31% | $ 702.12 |
| REYES, VIVIAN | $ 6,996.20 | 1.92% | $ 4,387.99 |
| RIVEROS, SAMUEL | $ 882.70 | 0.24% | $ 553.63 |
| RODAS, ISRAEL | $ 3,884.50 | 1.07% | $ 2,436.34 |
| RODRIGUEZ, ALEXIS | $ 3,129.23 | 0.86% | $ 1,962.64 |
| ROOT, WILLIAM | $ 545.54 | 0.15% | $ 342.16 |
| RUBIO, LILIANA | $ 1,400.06 | 0.39% | $ 878.11 |
| SAENZ, KRYSTAL | $ 659.34 | 0.18% | $ 413.54 |
| SANTIAGO, KIMBERLY | $ 1,039.98 | 0.29% | $ 652.27 |
| SERRANO, JESSICA | $ 3,751.96 | 1.03% | $ 2,353.21 |
| SERRATO, JUAN | $ 585.00 | 0.16% | $ 366.91 |
| STEHLY, MELISSA | $ 478.32 | 0.13% | $ 300.00 |

Page 3 of 3

POA OT CAP5 RETRO PAY HISTORY SEARCH RESULTS 9/21/17

| Full Name | 2017 Payout | | % of 2017 Total Payouts | SETTLEMENT PAYOUTS (based on % of 2017 Payouts) | |
|---|---|---|---|---|---|
| TAPIA, EDWIN | $ | 3,975.23 | 1.09% | $ | 2,493.25 |
| VALDIVIA, LUIS | $ | 1,558.73 | 0.43% | $ | 977.63 |
| VELEBIL, ANDREW | $ | 5,206.85 | 1.43% | $ | 3,265.72 |
| VILLALOBOS, ANDRES | $ | 2,798.65 | 0.77% | $ | 1,755.30 |
| VIRANI, SHAWN | $ | 2,083.84 | 0.57% | $ | 1,306.98 |
| WENER, PHILLIP | $ | 478.32 | 0.13% | $ | 300.00 |
| ZENDEJAS, WILLIAM | $ | 4,496.54 | 1.24% | $ | 2,820.21 |
| | $ | 363,522.63 | | $ | 228,000.00 |
| | Gross Amount of 2017 Payouts | | | Total Settlement Payout Value | |